Filed 3/30/26  P. v. Perez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDWIN GUSTAVO SOLARZANO PEREZ,<br><br>        Defendant and Appellant. | A171417<br><br>(Contra Costa County Super. Ct. No. 04-203750-5) |

Appellant Edwin Gustavo Solarzano Perez appeals from an 18-year state prison sentence imposed pursuant to a negotiated guilty plea.  Appellant entered a guilty plea to six counts of committing a lewd act upon a child (Pen. Code, § 288(a)), and admitted for all six counts the aggravating circumstance that he took advantage of a position of trust to commit the offenses (California Rules of Court, rule 4.421(a)(11)).

Citing *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's appointed counsel filed a brief summarizing the facts and asking this court to independently review the record to identify any issues warranting relief.  Perez filed a supplemental brief providing this court "notice of [his] intent" to file a habeas petition "[b]ecause certain facts supporting this claim [of racial

1

bias in violation of his rights to due process and equal protection] fall outside the appellate record."

Upon our review of counsel's brief, Perez's supplemental brief, and the record, we find no issues warranting further briefing and therefore affirm.

## DISCUSSION

In a complaint filed on February 20, 2022, appellant was charged with ten felony counts relating to his molestation of Jane Doe, a minor who was appellant's step-niece. The court held a preliminary hearing on June 17, 2022, at which the People presented evidence that appellant had taken Jane Doe, then 12 years old, from her home in Antioch to Los Angeles for approximately one month, appellant's phone contained photos of Jane Doe's bare breasts and genitalia, and Jane Doe told investigators that she and appellant had engaged in sexual intercourse more than 13 times. The magistrate held appellant to answer on all charges, and on June 30, 2022, the People filed an information containing the same charges as the complaint.

On September 23, 2023, appellant filed a nonstatutory motion to dismiss the charges the charges that also referenced Penal Code section 745, subdivision (d), in the title, but otherwise offered no argument based on the Racial Justice Act. The motion was based on the allegation that Antioch Police Department Officer Kelley Inabnett participated in racist text messages over the span of several years with other police officers, and that the prosecution had not produced evidence relating to these text messages prior to the preliminary hearing at which Officer

2

Inabnett testified. On October 20, 2023, the prosecution filed an opposition to the motion, noting that Inabnett's testimony consisted of his relating the content of his interviews with appellant and Jane Doe, as well as data extracted from appellant's cell phone, "[a]ll of which were recorded and in defendant's possession." In addition to explaining that the prosecution was unaware of Officer Inabnett's participation in the text messages until several months after the preliminary hearing, the prosecution argued that there was no prejudice from its disclosure of the text messages after the preliminary hearing: "If Detective Inabnett left out a piece of testimony vital to the defense case, he could have been cross examined and confronted with the recorded evidence. This is a far more effective way to test Detective Inabnett's credibility than with accusations of being involved in a racist text message thread." The trial court denied the motion on October 27, 2023.

On May 10, 2024, the court heard and denied appellant's motion to discharge his counsel under *People v. Marsden* (1970) 2 Cal.3d 118, after which appellant stated that he wished to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806. The court addressed appellant's *Faretta* motion on May 14, 2024, which was less than one week before the trial date. After confirming that the events at issue had occurred four years earlier, that appellant first mentioned wanting to represent himself immediately after the court denied his *Marsden* motion, that appellant was not prepared to proceed with the scheduled trial date, and that he would need a continuance of unspecified

3

length (after the trial had already been continued numerous times), the court denied the *Faretta* motion on the basis that appellant was simply "attempting to delay and stall the trial," and that granting the *Faretta* motion would lead to unwarranted delay of an already long-pending matter.

On May 20, 2024, the People filed a second amended felony information charging appellant with, e.g., 6 counts of committing a lewd act upon a child, in violation of Penal Code section 288, subdivision (a), and alleging an aggravating circumstance that appellant took advantage of a position of trust or confidence to commit the offenses, under California Rules of Court, rule 4.421(a)(11).  The following morning, appellant entered guilty pleas to counts 1 through 6 and admitted the aggravating circumstance, in exchange for dismissal of the balance of the complaint and a stipulated sentence of 18 years.

The sentencing hearing occurred on June 28, 2024.  The trial court imposed a sentence of 18 years in state prison, consisting of the upper term of eight years for count 1 plus consecutive two-year terms for counts 2 through 6, which represented one-third the middle term for each of those counts. Appellant was awarded 1,374 days of actual custody credits and 206 days of conduct credits.

We have reviewed the record pursuant to *Wende*.  The trial court did not err in denying appellant's motions, appellant was properly advised of his rights before entering his guilty pleas and admitting the aggravating circumstances, and the court appropriately imposed the stipulated sentence.  Having conducted

4

an independent review of the record, we find no issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. Perez* (A171985)

5